OPINION OF THE COURT
Alfred D. Lerner, J.
In this action by plaintiffs, Harriet Hinden and Henry Hinden, to recover damages arising from the refusal of defendant, Eastern Air Lines, Inc. (hereinafter Eastern), to allow Harriet Hinden to board its aircraft, Eastern moves for summary judgment.
The facts appear to be as follows: Harriet Hinden was injured when she fell while water-skiing in Antigua, the British West Indies, on December 28, 1979 in the early afternoon. She was treated at a local hospital where she was allegedly told that she had a broken hip and should return to the United States for treatment. Mr. Hinden was admittedly advised to transport his wife on a stretcher as she was unable to sit up.
Plaintiffs were previously scheduled, along with their two children, to return to New York on Eastern’s flight 992, departing at 6:15 p.m. on December 28, 1979. At approximately 4:00 p.m., Mr. Hinden went to the airport and spoke to Eastern’s supervisor. The supervisor telephoned Mrs. Hinden’s treating physician who confirmed that she was a “stretcher case.” Mr. Hinden was then advised that Mrs. Hinden could not board the *799 aircraft because there were no berths on board the aircraft for a stretcher. Allegedly, Mr. Hinden offered to buy additional seats aboard the aircraft so that Mrs. Hinden could either be removed from the stretcher and laid down on four adjoining seats or that the stretcher could be laid down on the four seats and attached to the seats by the use of seat belts. This proposal was rejected by Eastern’s supervisor.
Mrs. Hinden was transported the next day via medical transport service at a cost of approximately $8,800 and was admitted to Roosevelt Hospital on the evening of December 29,1979. Mrs. Hinden was operated on the following day.
In support of its motion for summary judgment, Eastern has submitted an affidavit by one Robert Kidd, a senior project engineer assigned to aircraft interiors. In the affidavit, Mr. Kidd states that pursuant to regulations filed with and approved by the Federal Aviation Administration (FAA), an L-1011 aircraft may be used only for the “transportation of persons able to sit in an upright position during take-off, landing and emergency operations” and was not “designed or approved for the transportation of passengers in a horizontal position such as on a stretcher.”
In opposition to the motion for summary judgment, plaintiffs argue that Mrs. Hinden’s injuries were far more serious than previously thought and that Eastern’s refusal to allow Mrs. Hinden to board its aircraft was an abuse of the carrier’s discretion.
The appropriate standard of review for this court is whether “under the facts and circumstances known by the carrier at the time the decision was made * * * the decision was arbitrary, capricious or irrational, constituting an abuse of the discretion vested by law [to] the carrier.” (Adamsons v American Airlines, 58 NY2d 42, 48.)
Applying this standard to the facts of this case, the court determines that Eastern did not abuse its discretion in denying passage to Mrs. Hinden. The FAA regulations make it clear that passengers cannot be transported in a horizontal position. Although plaintiffs argue that the injuries suffered by Mrs. Hinden were far worse than originally thought, and in fact were, the report submitted by plaintiffs’ physician, John F. Crowe, M.D., and addressed to plaintiffs’ attorney indicates that “the lag time (approximately 48 hours between the injury and the surgery on December 30, 1979) did not serve to increase Mrs. Hinden’s period of hospitalization or rehabilitation.” Eastern’s supervisor spoke to Mrs. Hinden’s treating physician in Antigua and it was *800 certainly reasonable for him to rely totally on that report which indicated that Mrs. Hinden had to be carried on a stretcher. It is also nowhere indicated by plaintiffs what kind of assistance Mrs. Hinden would have needed to be removed from the stretcher before take off and returned to the stretcher upon landing and whose responsibility it would have been if such removal had been undertaken negligently.
Accordingly, the motion by Eastern for summary judgment is granted.